UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS                                                    CRIMINAL NO. 22-29-JWD-RLB

GRANT MCKAY DURTSCHI

**DEFENDANT'S MEMORANDUM
IN SUPPORT OF MOTION TO SUPPRESS**

MAY IT PLEASE THE COURT:

**1. Facts**

On March 7, 2022, Special Agent Stephanie Bobo with the FBI obtained a search warrant authorized by Magistrate Judge Christine A. Nowak in the Eastern District of Texas, Sherman Division, for the search of the defendant's residence located at 708 Summit Ridge, Lewisville, TX 75077.

Approximately seven (7) months prior to the application and execution of the search warrant, the FBI received a complaint from B.K., through the FBI National Threat Operations Center, reporting that his wife, H.K., allowed the defendant to take sexually explicit photographs of his minor stepdaughter, R.K. During the investigation leading up to the application for the search warrant, FBI agents conducted numerous interviews, including interviews with B.K., H.K., and R.K., reviewed evidence on H.K.'s cellphone after H.K. consented to a search of her phone, issued approximately two dozen administrative subpoenas, and received records from an extensive number of companies through Grand Jury subpoenas.

In support of the search warrant, Agent Bobo alleged there was probable cause to believe federal criminal statutes 18 U.S.C. § 2252(a), (a)(1), (a)(2), and (a)(4) and 18 U.S.C. § 2252A(a), (a)(1), (a)(2), (a)(3), and (a)(5)(B) had been violated.

The search warrant was executed by agents with the FBI on March 8, 2022 at approximately 6:01 a.m. The defendant and his son were present at the time the warrant was executed and were detained. The defendant was placed in zip-ties and escorted to a vehicle outside his residence where he was questioned by Special Agents Stephanie Bobo and Karen Ryndak for approximately 2 hours and 20 minutes. During his detention, the defendant made incriminating statements. At no time was the defendant advised of his constitutional rights pursuant to *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966). Specifically, the defendant was never advised of his right to remain silent, or his right to have an attorney present during questioning.

**2.  The Law and application to our case: the statements should be suppressed**.

Failure to give the warning prescribed by *Miranda* necessitates the exclusion of the use of any statements made from use as evidence at trial. *Missouri v. Seibert*, 542 U.S. 600, 608, 124 S. Ct. 2601, 2608, 159 L. Ed. 2d 643 (2004). As such, any statement made by the defendant should be suppressed.

>RESPECTFULLY SUBMITTED:
>
>REBECCA L. HUDSMITH
>FEDERAL PUBLIC DEFENDER FOR THE
>MIDDLE & WESTERN DISTRICTS OF LOUISIANA
>
>By:   /s/ Marci Blaize
>     **MARCI BLAIZE, La. Bar No. 25345**
>     Assistant Federal Public Defender
>     707 Florida Street, Suite 303
>     Baton Rouge, Louisiana 70801

(225) 382-2118 (Phone)
(225) 382-2119 (Fax)
Marci_Blaize@fd.org

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 15, 2022, a copy of the above *Memorandum in Support of Motion to Suppress* was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Kristen Craig, Assistant United States Attorney, by operation of the court's electronic filing system.

*/s/ Marci Blaize*