## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| *versus* | : CRIMINAL NO. 22-29-JWD-RLB |
| GRANT MCKAY DURTSCHI | : |

## PLEA AGREEMENT

The United States Attorney's Office for the Middle District of Louisiana, the United States Department of Justice, Child Exploitation and Obscenity Section ("CEOS"), (collectively, "the United States") and Grant McKay Durtschi ("the defendant") hereby enter into the following plea agreement pursuant to Fed. R. Crim. P. 11(c).

### A.   THE DEFENDANT'S OBLIGATIONS

#### 1.   Guilty Plea

The defendant agrees to enter a plea of guilty to Count 1 of an Indictment charging him with Production and Attempted Production of Child Pornography in violation of 18 U.S.C. § 2251(a) and (e).

#### 2.   Financial Information

The defendant agrees to fully and truthfully complete the financial statement provided to him by the United States and to return the financial statement to the United States within ten days of this agreement being filed with the Court. Further, the defendant agrees to provide the United States with any information or documentation in his possession regarding his financial affairs and to submit to a debtor's examination upon request. Any financial

information provided by the defendant may be used by the United States to collect any financial obligations imposed in this prosecution and may be considered by the Court in imposing sentence.

**B.    UNITED STATES' OBLIGATIONS**

    **1.    Non-prosecution/Dismissal of Charges**

The United States agrees that, if the Court accepts the defendant's guilty plea, it will move to dismiss Count 2 of the Indictment after sentencing, and it will not prosecute the defendant for any offense related to the offenses charged in the Indictment in the Middle District of Louisiana.

    **2.    Motion for Third Point for Acceptance of Responsibility**

The United States acknowledges that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources efficiently.  The United States therefore agrees that, if the Court finds that the defendant qualifies for a two-level decrease in offense level for acceptance of responsibility under USSG § 3E1.1(a) and, prior to the operation of USSG § 3E1.1(a), the defendant's offense level is 16 or greater, the United States will move the Court pursuant to USSG § 3E1.1(b) to decrease the defendant's offense level by one additional level.  The United States reserves the right to object to a decrease in offense level for acceptance of responsibility based on information received by the United States after the effective date of this agreement,

including information that the defendant failed to timely submit the financial statement required by Section A(2) of this agreement.

## C.   SENTENCING

### 1.   Maximum and Minimum Statutory Penalties

The maximum possible penalty on Count 1 is a term of imprisonment of not more than 30 years, a fine of up to $250,000, or both, and a term of supervised release of five years. There is a mandatory minimum penalty on Count 1 of fifteen years imprisonment.

In addition to the above, the Court must impose a special assessment of $100 per count under 18 U.S.C. §3013, and an assessment of no more than $50,000 per count pursuant to 18 U.S.C. §2259A(a)(3), which is due at the time of sentencing. The Court may also order restitution.

### 2.   Supervised Release

Supervised release is a period following release from imprisonment during which the defendant's conduct is monitored by the Court and the United States Probation Office and during which the defendant must comply with certain conditions. Supervised release is imposed in addition to a sentence of imprisonment, and a violation of the conditions of supervised release can subject the defendant to imprisonment over and above any period of imprisonment initially ordered by the Court for a term of up to three years, without credit for any time already served on the term of supervised release.

3. **Sex Offender Registration Requirements**

The defendant understands that by pleading guilty to production of child pornography, he will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). The defendant also understands that independent of supervised release, he will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout his life. The defendant understands that he shall keep his registration current, shall notify the state sex offender registration agency or agencies of any changes to defendant's name, place of residence, employment, or student status, or other relevant information. The defendant shall comply with requirements to periodically verify in person his sex offender registration information. The defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. If he resides in Louisiana following release from prison, he will be subject to the registration requirements of the State of Louisiana. The defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.

As a condition of supervised release, the defendant shall initially register with the state sex offender registration in Louisiana, and shall also register with the state sex offender registration agency in any state where defendant resides, is employed, works, or is a student, as directed by the Probation Officer. The defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirement to update his

registration information. The defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

**4.     Sentencing Guidelines**

The Court will determine in its sole discretion what the defendant's sentence will be. While the Court must consider the United States Sentencing Guidelines in imposing sentence, the Sentencing Guidelines are not binding on the Court. The Court could impose any sentence from the minimum possible penalty up to the maximum possible penalty as set out above despite any lesser or greater sentencing range provided for by the Sentencing Guidelines.

**5.     No Agreement Regarding Sentencing**

Except as set forth in this agreement and the supplement to the plea agreement, the United States makes no promises, representations, or agreements regarding sentencing. In particular, the United States reserves the right to present any evidence and information, and to make any argument, to the Court and the United States Probation Office regarding sentencing.

**6.     Restitution**

The defendant understands that, in addition to any other civil or criminal penalty authorized by law, the Court must order the defendant to pay restitution, pursuant to 18

U.S.C. § 2259, to the victim for the full amount of the victim's losses that were incurred or are reasonably projected to be incurred by the victim as a result of the offense.

7.  **Forfeiture**

The defendant agrees to forfeit any property constituting, or derived from, proceeds he obtained directly, or indirectly, as a result of the offense charged in Count One of the Indictment. The defendant admits that the amount of the proceeds derived from the offense was at least $50,000. The parties agree that any items identified in the Indictment or in the Bill of Particulars, as well as the amount of the forfeiture money judgment, will be decided at or before sentencing.

The defendant understands that forfeiture of his property will not be treated as satisfaction of any fine, restitution, cost of imprisonment, or other penalty which may be imposed upon him as part of his sentence. The defendant further understands that, separate and apart from his sentence in this case, the United States may also institute civil or administrative forfeiture proceedings of any property, real or personal, which is subject to forfeiture. The defendant agrees to waive his interest in the property identified in the Notice of Forfeiture in the Indictment in any such civil or administrative forfeiture proceeding.

The defendant agrees to fully and truthfully disclose the existence, nature, and location of all assets and to fully and completely assist the United States in the recovery and forfeiture of all forfeitable assets, including taking all steps as requested by the United States to pass clear title to forfeitable assets to the United States. The defendant agrees to hold the

United States, its agents, and its employees harmless from any claims whatsoever in connection with the seizure or forfeiture of property pursuant to the Court's forfeiture orders.

The defendant hereby waives the following: (1) all statutory and constitutional defenses to the forfeiture, including any claim that the forfeiture constitutes an excessive fine or punishment; (2) any failure by the Court to ensure at sentencing that the defendant is aware of the forfeiture or to incorporate the forfeiture in the judgment as required by Fed. R. Crim. P. 32.2(b)(4)(B); and (3) any failure by the Court to inform the defendant of, and determine that the defendant understands, the applicable forfeiture prior to accepting the defendant's plea.

### D.     FACTUAL BASIS

The United States and the defendant stipulate to the following facts:

On or about July 20, 2020, and continuing through at least August 1, 2020, in the Middle District of Louisiana and elsewhere, the defendant, **GRANT MCKAY DURTSCHI,** attempted to and did employ, use, persuade and induce MINOR VICTIM A, a minor who had not attained the age of 18, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and such visual depiction was actually transported in interstate commerce.

Specifically, in or around July 2020, DURTSCHI arranged for MINOR VICTIM A, a resident of Gonzales, Louisiana, in the Middle District of Louisiana, to travel to a location in Breaux Bridge, Louisiana, for a photoshoot.  On or about July 20, 2020, at the location in Breaux Bridge, Louisiana, the defendant directed MINOR VICTIM A to engage in specific poses that lasciviously displayed her genitals for the purposes of photographing her, including in the following:

- *The Blue Suit Series.* This series depicted MINOR VICTIM A in various poses in a blue, G-string bikini on a bed. There were 80 images. Many of the images included MINOR VICTIM A with her legs spread apart while lying on a bed. Approximately two of the images included MINOR VICTIM A on all fours crawling on the bed. Approximately three of the images were of MINOR VICTIM A positioned with her head on a pillow and her buttocks raised in the air. In one of the images the focal point

was on MINOR VICTIM A's genitals while she was posed in a sexual position on the bed. MINOR VICTIM A's genitals were barely covered by the G-string bikini.

- *The White Leotard Series.* This series depicted MINOR VICTIM A in the same bedroom, on the same bed, but this time, MINOR VICTIM A is wearing a white one-piece leotard, with white stockings and red high heels. The pictures were taken as a series of sexual poses on the bed. Many of the images included MINOR VICTIM A with her legs spread apart while lying on the bed. Approximately 17 of the images included MINOR VICTIM A on all fours crawling on the bed. Approximately 10 of the images were of MINOR VICTIM A positioned with her head down on the bed and her buttocks raised in the air. The sides of her leotard were rolled back exposing her buttocks. The images showed a close-up of the MINOR VICTIM A's genitals posed in a sexual position on the bed. MINOR VICTIM A's genitals were barely covered because the sides of the leotard were rolled back to expose the genitals.

The defendant transported the images from Breaux Bridge, Louisiana, to his home, located in the Eastern District of Texas. The defendant utilized the internet to upload some of the photographs, including the White Leotard Series, via a Google Drive account, where he also stored other images of MINOR VICTIM A. Some of the images were downloaded from Google Drive in the Middle District of Louisiana, therefore were transported and transmitted in or affecting interstate commerce.

The defendant intended the images to elicit a sexual response in the viewer of the images. In fact, the defendant sold and transferred the images to other individuals online who the defendant knew had a sexual interest in children.

The defendant admits that, to the best of his knowledge and belief, the stipulated statement of facts is true and correct in all respects. The United States and the defendant agree that, had this matter gone to trial, the United States could have proved such facts. The United States and the defendant further agree that such facts are sufficient to support conviction of the offense to which the defendant has agreed to plead guilty. The defendant understands that, by the terms of USSG § 6B1.4, the Court is not limited by the stipulated facts for purposes of sentencing. Rather, in determining the factual basis for the sentence, the Court will consider

the stipulation, together with the results of the presentence investigation and any other relevant information.

### E. BREACH AND ITS CONSEQUENCES

#### 1. Conduct Constituting Breach

Any of the following actions by the defendant constitutes a material breach of this agreement:

- a. failing to plead guilty to Count 1 of the Indictment at re-arraignment;

- b. representing, directly or through counsel, to the United States or the Court that he will not plead guilty to Count 1 of the Indictment;

- c. moving to withdraw his guilty plea;

- d. filing an appeal or instituting other post-conviction proceedings not authorized in Section F(2);

- e. disputing or denying guilt of the offense to which the defendant has agreed to plead guilty or denying or disputing any fact contained in the stipulated factual basis;

- f. concealing or disposing of assets with the specific intent of shielding such assets from forfeiture;

- g. providing false, misleading, or incomplete information or testimony, including financial information and testimony provided pursuant to Section A(2), to the United States; or

- h. violating the terms of this agreement or the supplement to the plea agreement in any other manner.

#### 2. Consequences of Breach

In the event of a breach by the defendant, the United States is relieved of its obligations under the agreement and the supplement to the plea agreement. In particular, the

United States may prosecute the defendant for any criminal offense. In addition, any statements and information provided by the defendant pursuant to this agreement (or the supplement to the plea agreement) or otherwise, and any information and evidence derived therefrom, may be used against the defendant in this or any other prosecution or proceeding without limitation. Such statements and information include, but are not limited to, the plea agreement itself (including the factual basis contained in Section D), the supplement to the plea agreement, statements made to law enforcement agents or prosecutors, testimony before a grand jury or other tribunal, statements made pursuant to a proffer agreement, statements made in the course of any proceedings under Rule 11, Fed. R. Crim. P. (including the defendant's entry of the guilty plea), and statements made in the course of plea discussions. The defendant expressly and voluntarily waives the protection afforded by Fed. R. Evid. 410 as to any statements made by him personally (but not as to statements made by his counsel). The defendant is not entitled to withdraw his guilty plea.

3.   **Procedure for Establishing Breach**

The United States will provide written notice to the defendant or his attorney if it intends to be relieved of its obligations under the agreement and the supplement to the plea agreement as a result of a breach by the defendant. After providing such notice, the United States may institute or proceed with any charges against the defendant prior to any judicial determination regarding breach. However, the United States will obtain a judicial determination regarding breach prior to using statements and information provided by the defendant or any act of producing documents or items by the defendant pursuant to this

agreement or the supplement to the plea agreement, or any evidence or information derived therefrom, in its case-in-chief in a criminal trial or in sentencing the defendant in this case. The standard of proof in any proceeding to determine whether the plea agreement or the supplement to the plea agreement has been breached is preponderance of the evidence. To prove a breach, the United States may use (1) any and all statements of the defendant, (2) any and all statements of his counsel to the Court (including the United States Probation Office), and (3) any representation by defense counsel to the United States that the defendant will not plead guilty.

F.  **WAIVERS BY THE DEFENDANT**

   1.  **Waiver of Trial Rights**

   By pleading guilty, the defendant waives the right to plead not guilty or to persist in a not guilty plea and waives the right to a jury trial. At a trial, the defendant would have the trial rights to be represented by counsel (and if necessary have the Court appoint counsel), to confront and examine adverse witnesses, to be protected against compelled self-incrimination, to testify and present evidence, to compel the attendance of witnesses, and to have the jury instructed that the defendant is presumed innocent and the burden is on the United States to prove the defendant's guilt beyond a reasonable doubt. By waiving his right to a trial and pleading guilty, the defendant is waiving these trial rights.

   2.  **Waiver of Appeal and Collateral Remedies**

   Except as otherwise provided in this section, the defendant hereby expressly waives the right to appeal his conviction and sentence, including any appeal right conferred by 28

U.S.C. § 1291 and 18 U.S.C. § 3742, and to challenge the conviction and sentence in any post-conviction proceeding, including a proceeding under 28 U.S.C. § 2241, 28 U.S.C. § 2255, or 18 U.S.C. § 3582(c)(2).  This waiver applies to any challenge on appeal or in any post-conviction proceeding to any aspect of the defendant's sentence, including imprisonment, fine, special assessment, restitution, forfeiture or the length and conditions of supervised release or probation.  The defendant, however, reserves the right to appeal the following: (a) any sentence which is in excess of the statutory maximum; (b) any sentence which is an upward departure pursuant to the Sentencing Guidelines; and (c) any non-Guidelines sentence or "variance" which is above the guidelines range calculated by the Court.  Notwithstanding this waiver of appeal and collateral remedies, the defendant may bring any claim of ineffectiveness of counsel.

3.      **Waiver of Statute of Limitations**

The defendant hereby waives all defenses based on the applicable statutes of limitation as to the offense charged in the Indictment including those that the United States has agreed to dismiss in Section B(1) and all offenses that the United States has agreed not to prosecute, as long as such offenses are not time-barred on the effective date of this agreement.  The defendant likewise waives any common law, equitable, or constitutional claim of pre-indictment delay as to such offenses, as long as such offenses are not time-barred on the effective date of this agreement.  The waivers contained in this paragraph will expire one year after the date of any of the following: (1) a judicial finding that defendant has breached the plea agreement; (2) the withdrawal of any plea entered pursuant to this plea

agreement; or (3) the vacating of any conviction resulting from a guilty plea pursuant to this plea agreement.

4. **Waiver of Speedy Trial Rights**

The defendant hereby waives any common law, equitable, or constitutional claim regarding post-indictment delay as to the offense charged in the Indictment including those that the United States has agreed to dismiss in Section B(1). The waiver contained in this paragraph will expire one year after the date of any of the following: (1) a judicial finding that defendant has breached the plea agreement; (2) the withdrawal of any plea entered pursuant to this plea agreement; or (3) the vacating of any conviction resulting from a guilty plea pursuant to this plea agreement.

**G.   EFFECT OF AGREEMENT**

1. **Effective Date**

This agreement and the supplement to the plea agreement are not binding on any party until both are signed by the defendant, defendant's counsel, and an attorney for the United States. Once signed by the defendant, his counsel, and an attorney for the United States, the agreement and the supplement are binding on the defendant and the United States.

2. **Effect on Other Agreements**

This agreement incorporates the supplement to the plea agreement which will be filed under seal with the Court. In this district, the Court requires that a sealed supplement be filed with every plea agreement regardless of whether the defendant is cooperating. The supplement either states that the defendant is not cooperating or provides the terms of the

defendant's agreement to cooperate. This plea agreement, along with the aforementioned supplement to the plea agreement, supersedes any prior agreements, promises, or understandings between the parties, written or oral, including any proffer agreement.

### 3. Effect on Other Authorities

The agreement does not bind any federal, state, or local prosecuting authority other than the United States Attorney's Office for the Middle District of Louisiana.

### 4. Effect of Rejection by Court

Pursuant to Fed. R. Crim. P. 11, the Court may accept or reject this plea agreement and the supplement to the plea agreement. If the Court rejects the plea agreement and the supplement, the plea agreement and the supplement are no longer binding on the parties and are not binding on the Court. If the Court rejects the plea agreement and the supplement, the defendant will be given the opportunity to withdraw his plea and such withdrawal will not constitute a breach of the agreement. If the defendant does not withdraw his plea following rejection of the plea agreement and the supplement, the disposition of the case may be less favorable to the defendant than contemplated by the plea agreement.

## H. REPRESENTATIONS AND SIGNATURES

### 1. By The Defendant

I, Grant McKay Durtschi, have read this plea agreement and have discussed it with my attorney. I fully understand the agreement and enter into it knowingly, voluntarily, and without reservation. I have not been threatened, intimidated, pressured, or coerced in any

manner. I am not under the influence of any substance or circumstance that could impede my ability to understand the agreement and its consequences.

I affirm that absolutely no promises, agreements, understandings, or conditions have been made, agreed to, or imposed by the United States in connection with my decision to plead guilty except those set forth in this agreement and the supplement to the plea agreement.

I acknowledge that no promises or assurances have been made to me by anyone as to what my sentence will be. I understand that representations by my attorney (or anyone else) regarding application of the Sentencing Guidelines and/or my possible sentence are merely estimates and are not binding on the Court.

I have read the Indictment and discussed it with my attorney. I fully understand the nature of the charge, including the elements.

I have accepted this plea agreement and agreed to plead guilty because I am in fact guilty of the offense charged in Count 1 of the Indictment.

I am satisfied with the legal services provided by my attorney and have no objection to the legal representation I have received.

_____    DATE: 1/19/23
Grant McKay Durtschi
Defendant

    **2.**    <u>**By Defense Counsel**</u>

I have read the Indictment and this plea agreement and have discussed both with my client, Grant McKay Durtschi, who is the defendant in this matter. I am satisfied that the

defendant understands the agreement and the charge against him, including the elements. I am also satisfied that the defendant is entering into the agreement knowingly and voluntarily. This agreement, together with the supplement to the plea agreement, accurately and completely sets forth the entire agreement between the defendant and the United States.

_/s/ Marci Blaize_  DATE: 1/19/23
Marci Blaize
Counsel for Defendant

**3. By the United States**

We accept and agree to this plea agreement on behalf of the United States. This agreement, together with the supplement to the plea agreement, accurately and completely sets forth the entire agreement between the defendant and the United States.

_/s/ Ronald C. Gathe, Jr._  DATE: 1-13-23
Ronald C. Gathe, Jr.
United States Attorney
Middle District of Louisiana

_/s/ Kristen Lundin Craig_  DATE: 1/23/23
Kristen Lundin Craig
Assistant United States Attorney
Middle District of Louisiana