**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| *versus* | : | CRIMINAL NO. 22-29-JWD-RLB |
| | : | |
| GRANT MCKAY DURTSCHI | : | |

**UNOPPOSED MOTION FOR ENTRY OF ORDER FOR
INTERLOCUTORY SALE OF ETHEREUM CRYPTOCURRENCY**

NOW INTO COURT COMES the United States of America, by and through its counsel, J. Brady Casey, Assistant United States Attorney, who files this unopposed motion, pursuant to Federal Rule of Criminal Procedure 32.2(b)(7) and Supplemental Rule G(7)(b) of the Federal Rules of Civil Procedure, for an order authorizing the interlocutory sale of the following cryptocurrency, which is alleged to be subject to forfeiture:

> Approximately 124.72134086 of Ethereum virtual currency formerly in virtual wallet address 0x8B02Dcf410b516347D2a0743Db1fa78d12094085 (hereinafter referred to as "Subject Asset").

**Background**

On April 6, 2022, law enforcement officers executed a federal search and seizure warrant at the defendant's address in Lewisville, Texas. During the search, the agents seized, among other items, the Subject Asset and approximately 189,767.129228 of USDC virtual currency. The defendant signed a Stipulation for Entry of Order for Interlocutory Sale of Cryptocurrency (Doc. 32-1), agreeing to the sale of the approximately 189,767.129228 of USDC virtual currency and the Court entered an Order (Doc. 42) on May 31, 2023, ordering that the approximately 189,767.129228 of USDC virtual currency be sold and that the net sale

proceeds constitute the "substitute res" for the USDC and be held by the United States Marshals Service ("USMS") until further order of the Court.

The Subject Asset is currently in the possession and control of the United States Marshals Service ("USMS").  The defendant has expressed an interest in selling the Subject Asset to preserve its value and the United States has agreed to such a sale.  Therefore, the defendant and the United States entered into a *Stipulation for Entry of Order for Interlocutory Sale of Ethereum Cryptocurrency*, which all parties signed. Exhibit No. 1.

**Discussion**

Fed. R. Crim. P., Rule 32.2 provides, in pertinent part, that "[a]t any time before entry of a final forfeiture order, the court, in accordance with Supplemental Rule G(7) of the Federal Rules of Civil Procedure, may order the interlocutory sale of property alleged to be forfeitable." Fed. R. Crim. P., Rule 32.2(b)(7).  Supplemental Rule G(7)(b)(i) of the Federal Rules of Civil Procedure provides that a court may order the interlocutory sale of property, subject to a pending asset forfeiture action if any one of several conditions is met.   Among other things, the sale may be ordered if the property is "perishable or at risk of deterioration" or "the court finds other good cause." Supplemental Rule G(7)(b)(i).   The sale "must be made by a United States agency that has authority to sell the property, by the agency's contractor, or by any person the court designates." Supplemental Rule G(7)(b)(ii).   If the sale is uncontested, the parties may agree to the procedures and conditions of the sale. Supplemental Rule G(7)(b)(iii).   When the sale is complete, the sale proceeds will be considered a "substitute res subject to forfeiture in place of the property that was sold." Supplemental Rule G(7)(b)(iv).   Until the forfeiture action is concluded, the "proceeds must be held in an interest-bearing account maintained by the United States." *Id.*

2

**Stipulation**

In this matter, the FBI seized the Subject Asset on April 6, 2022. Counsel for both the United States and the defendant have discussed the sale of the Subject Asset under circumstances which would be beneficial for all parties. Conversion of the property to cash via a sale will preserve the value of the property for the benefit of all parties. In the signed *Stipulation for Entry of Order for Interlocutory Sale of Ethereum Cryptocurrency*, the defendant and counsel for defendant agreed to allow for the sale of the Subject Asset by the USMS and to have the proceeds of such sale held by USMS until further order of the Court. All parties agreed to allow the Subject Asset to be sold under the stipulated terms and conditions contained in the *Stipulation for Entry of Order for Interlocutory Sale of Ethereum Cryptocurrency*.

The United States contends that the interlocutory sale of the Subject Asset is warranted because "the property is perishable or at risk of deterioration" and because there is "good cause," pursuant to Rule G(7)(b)(i). The parties have agreed to the procedures and conditions of the sale pursuant to Rule G(7)(b)(iii). The parties stipulate to the entry of the proposed interlocutory order, which mirrors the terms and conditions agreed to by the parties in the signed *Stipulation for Entry of Order for Interlocutory Sale of Ethereum Cryptocurrency*. Therefore, the United States submits that there is good cause to order the sale of the Subject Asset and, pursuant to the attached *Stipulation for Entry of Order for Interlocutory Sale of Ethereum Cryptocurrency*, the parties agree to allow the Subject Asset to be sold and the proceeds of the sale to be held by the USMS until further order of the Court.

WHEREFORE, the United States respectfully moves this Court to grant this unopposed motion for an interlocutory sale of the Subject Asset under the terms and conditions agreed to by the parties in the *Stipulation for Entry of Order for Interlocutory Sale of Ethereum Cryptocurrency*.

        UNITED STATES OF AMERICA, by

        RONALD C. GATHE, JR.
        UNITED STATES ATTORNEY


        /s/ J. Brady Casey
        J. Brady Casey, LBN: 24338
        Assistant United States Attorney
        777 Florida Street, Suite 208
        Baton Rouge, Louisiana 70801
        Telephone: (225) 389-0443
        Fax: (225) 389-0685
        E-mail: john.casey@usdoj.gov

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| *versus* | : | CRIMINAL NO. 22-29-JWD-RLB |
| | : | |
| GRANT MCKAY DURTSCHI | : | |

**ORDER FOR INTERLOCUTORY SALE
OF ETHEREUM CRYPTOCURRENCY**

Considering the United States' *Unopposed Motion for Entry of Order for Interlocutory Sale of Ethereum Cryptocurrency,*

**IT IS HEREBY ORDERED** that the United States' *Unopposed Motion for Entry of Order for Interlocutory Sale of Ethereum Cryptocurrency* is **GRANTED**.

**IT IS FURTHER ORDERED** that the following described property be sold in order to preserve the value of the property:

> Approximately 124.72134086 of Ethereum virtual currency, formerly in virtual wallet address 0x8B02Dcf410b516347D2a0743Db1fa78d12094085 (hereinafter referred to as "Subject Asset").

**IT IS FURTHER ORDERED** that the Subject Asset shall be sold under the following terms and conditions:

1. The Subject Asset shall be sold in a manner as determined by the United States Marshals Service ("USMS") or its delegate, as agreed to by the defendant and the United States.

2. In furtherance of the Interlocutory Sale, Grant McKay Durtschi, or his designee, agrees to promptly execute any documents which may be required to complete the Interlocutory Sale of the Subject Asset.

3. Upon sale of the Subject Asset, the net sale proceeds shall be remitted to the custody and control of the USMS or its delegate, where such net sale proceeds shall remain until further order of the Court.

4. The net proceeds from the sale of the Subject Asset will include all money realized from the sale of the Subject Asset, less all costs and fees incurred by the USMS, or its delegate, in connection with the sale of the Subject Asset.

5. The United States shall endeavor in good faith to obtain a reasonable exchange rate and incur reasonable sale and transaction fees in the course of liquidating the Subject Asset.

6. Grant McKay Durtschi waives any objection to the exchange rate obtained, and fees incurred, as to the sale of the Subject Asset.

7. The net proceeds realized from the sale of the Subject Asset shall constitute the "substitute res" for the Subject Asset in this case and in any potential civil forfeiture case in the Middle District of Louisiana involving Grant McKay Durtschi and the same facts and Subject Asset as this matter. Any and all claims and defenses of the United States, Durtschi, and any other potential claimant(s) to the Subject Asset shall apply equally to the "substitute res."

8. An accounting of the proceeds attributable to the Subject Asset shall be maintained by the USMS, or its delegate, and the United States shall provide this information to Durtschi and his counsel after the liquidation of the Subject Asset is complete.

9. Once the forfeiture of the "substitute res" for the Subject Asset is ultimately determined by the Court, the USMS will disperse the "substitute res" in accordance with any orders issued by the Court.

SIGNED this _____ day of _____ 2024.

_____
JOHN W. deGRAVELLES, JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA