# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA        :

                                 :

     *versus*                     :                CRIMINAL NO. 22-29-JWD-RLB

                                   :

GRANT MCKAY DURTSCHI        :

## ORDER FOR INTERLOCUTORY SALE
## OF ETHEREUM CRYPTOCURRENCY

Considering the United States' *Unopposed Motion for Entry of Order for Interlocutory Sale of Ethereum Cryptocurrency,*

**IT IS HEREBY ORDERED** that the United States' *Unopposed Motion for Entry of Order for Interlocutory Sale of Ethereum Cryptocurrency* is **GRANTED**.

**IT IS FURTHER ORDERED** that the following described property be sold in order to preserve the value of the property:

Approximately 124.72134086 of Ethereum virtual currency, formerly in virtual wallet address 0x8B02Dcf410b516347D2a0743Db1fa78d12094085 (hereinafter referred to as "Subject Asset").

**IT IS FURTHER ORDERED** that the Subject Asset shall be sold under the following terms and conditions:

1. The Subject Asset shall be sold in a manner as determined by the United States Marshals Service ("USMS") or its delegate, as agreed to by the defendant and the United States.

2. In furtherance of the Interlocutory Sale, Grant McKay Durtschi, or his designee, agrees to promptly execute any documents which may be required to complete the Interlocutory Sale of the Subject Asset.

3. Upon sale of the Subject Asset, the net sale proceeds shall be remitted to the custody and control of the USMS or its delegate, where such net sale proceeds shall remain until further order of the Court.

4. The net proceeds from the sale of the Subject Asset will include all money realized from the sale of the Subject Asset, less all costs and fees incurred by the USMS, or its delegate, in connection with the sale of the Subject Asset.

5. The United States shall endeavor in good faith to obtain a reasonable exchange rate and incur reasonable sale and transaction fees in the course of liquidating the Subject Asset.

6. Grant McKay Durtschi waives any objection to the exchange rate obtained, and fees incurred, as to the sale of the Subject Asset.

7. The net proceeds realized from the sale of the Subject Asset shall constitute the "substitute res" for the Subject Asset in this case and in any potential civil forfeiture case in the Middle District of Louisiana involving Grant McKay Durtschi and the same facts and Subject Asset as this matter. Any and all claims and defenses of the United States, Durtschi, and any other potential claimant(s) to the Subject Asset shall apply equally to the "substitute res."

8. An accounting of the proceeds attributable to the Subject Asset shall be maintained by the USMS, or its delegate, and the United States shall provide this information to Durtschi and his counsel after the liquidation of the Subject Asset is complete.

9.  Once the forfeiture of the "substitute res" for the Subject Asset is ultimately determined by

the Court, the USMS will disperse the "substitute res" in accordance with any orders issued

by the Court.

Signed in Baton Rouge, Louisiana, on <u>May 31, 2024</u>.


_____
**JUDGE JOHN W. deGRAVELLES
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**