# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | AMENDED JUDGMENT IN A CRIMINAL CASE |
| | § | |
| v. | § | |
| | § | Case Number: **3:22-CR-00029-JWD-RLB(1)** |
| **GRANT MCKAY DURTSCHI** | § | USM Number: **91705-509** |
| Date of Original Judgment: 8/28/2025 | § | **Marci Blaize** |
| Reason for Amendment: | § | Defendant's Attorney |

| | | | | |
|---|---|---|---|---|
| ☐ | Correction of sentence on remand (18 U.S.C. 3742(f)(1) and (2)) | ☐ | | Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e)) |
| ☐ | Reduction of Sentence for Changed Circumstances (Fed.R.Crim.P.35(b)) | ☐ | | Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1)) |
| ☐ | Correction of Sentence by Sentencing Court (Fed.R.Crim.P.35(a)) | ☐ | | Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) top the Sentencing Guidelines (18 U.S.C. § 3582(c)(2)) |
| ☐ | Correction of Sentence for Clerical Mistake (Fed.R.Crim.P.36) | ☐ | Direct Motion to District Court Pursuant | ☐ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7) |
| | | ☒ | | Modification of Restitution Order (18 U.S.C. § 3664) |

**THE DEFENDANT:**

| | | |
|---|---|---|
| ☒ | pleaded guilty to count(s) | **1 of the Indictment** |
| ☐ | pleaded guilty to count(s) before a U.S. Magistrate Judge, which was accepted by the court. | |
| ☐ | pleaded nolo contendere to count(s) which was accepted by the court | |
| ☐ | was found guilty on count(s) after a plea of not guilty | |

The defendant is adjudicated guilty of these offenses:

| Title & Section / Nature of Offense | Offense Ended | Count |
|---|---|---|
| 18:2251(a) / Production and Attempted Production of Child Pornography | 07/20/2020 | 1 |

The defendant is sentenced as provided in pages 2 through 9 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☒ Count(s) 2 ☒ is  ☐ are dismissed on the motion of the United States

     It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**August 27, 2025**
Date of Imposition of Judgment

Signature of Judge

**John W. deGravelles**
**UNITED STATES DISTRICT JUDGE**
Name and Title of Judge

December 2, 2025
Date

DEFENDANT: GRANT MCKAY DURTSCHI
CASE NUMBER: 3:22-CR-00029-JWD-RLB(1)

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

**78 months.**

- ☒ The court makes the following recommendations to the Bureau of Prisons:
  It is recommended to the Bureau of Prisons that the defendant be housed in a facility capable of providing substance abuse treatment, mental health treatment, and sex offender treatment.

- ☒ The defendant is remanded to the custody of the United States Marshal.

- ☐ The defendant shall surrender to the United States Marshal for this district:
  - ☐ at ☐ a.m. ☐ p.m. on
  - ☐ as notified by the United States Marshal.

- ☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  - ☐ before 2 p.m. on
  - ☐ as notified by the United States Marshal.
  - ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to

at _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By
DEPUTY UNITED STATES MARSHAL

DEFENDANT: GRANT MCKAY DURTSCHI  
CASE NUMBER: 3:22-CR-00029-JWD-RLB(1)

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: **5 years.**

# MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
    - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. (*check if applicable*)
4. ☒ You must make restitution in accordance with 18 U.S.C. § 3663 and 3663A or any other statute authorizing a sentence of restitution. (*check if applicable*)
5. ☒ You must cooperate in the collection of DNA as directed by the probation officer. (*check if applicable*)
6. ☒ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. (*check if applicable*)
7. ☐ You must participate in an approved program for domestic violence. (*check if applicable*)

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

DEFENDANT:        GRANT MCKAY DURTSCHI
CASE NUMBER:      3:22-CR-00029-JWD-RLB(1)

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, or if placed on probation, within 72 hours of the time you were sentenced, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of supervision that the probation officer observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as the position or job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified, for the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12 If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. I understand additional information regarding these conditions is available at the www.uscourts.gov.

Defendant's Signature _____        Date _____

DEFENDANT: GRANT MCKAY DURTSCHI
CASE NUMBER: 3:22-CR-00029-JWD-RLB(1)

## SPECIAL CONDITIONS OF SUPERVISION

You must participate in a substance abuse assessment and/or treatment program. While participating in the program, you must follow the rules and regulations of that program. The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.). You must pay the costs of the substance abuse assessment and/or treatment program, to the extent you are financially able to pay. The U.S. Probation Office must determine your ability to pay and any schedule for payment, subject to the Court's review upon request.

You must not use or possess any controlled substances without a valid prescription. If you have a valid prescription, you must disclose the prescription information to the probation officer and follow the instructions on the prescription.

You must participate in a mental health treatment program and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise your participation in the program (provider, location, modality, duration, intensity, etc.). You must pay the costs of mental health treatment program, to the extent you are financially able to pay. The U.S. Probation Office must determine your ability to pay and any schedule for payment, subject to the Court's review upon request.

You must take all mental health medications that are prescribed by your treating physician. You must pay the costs of the medication, to the extent you are financially able to pay. The U.S. Probation Office must determine your ability to pay and any schedule for payment, subject to the Court's review upon request.

You must provide the probation officer with access to any requested financial information and authorize the release of any financial information. The probation office may share financial information with the U.S. Attorney's Office.

You must not incur new credit charges, or open additional lines of credit, without the approval of the probation officer.

If the judgment imposes a financial penalty, you must pay the financial penalty in accordance with the Schedule of Payments sheet of the judgment. You must also notify the court, through the probation officer, of any changes in economic circumstances that might affect the ability to pay this financial penalty.

You must submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(l)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition. The probation officer may conduct a search under this condition only when reasonable suspicion exists that you have violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

DEFENDANT:         GRANT MCKAY DURTSCHI
CASE NUMBER:       3:22-CR-00029-JWD-RLB(1)

You must not have direct contact with any person under the age of 18 except (1) in the presence of the parent or legal guardian of said minor and (2) on the condition that you notify said parent or legal guardian of your conviction in the instant offense, personal history, prior offenses, and other factors that involve minor victims. Direct contact includes written communication, in-person communication, verbal communication, or physical contact. If you do have any direct contact with any child you know or reasonably should know to be under the age of 18, without the permission of the probation officer, you must report this contact to the probation officer within 24 hours. This provision does not encompass persons under the age of 18, such as waiters, cashiers, ticket vendors, etc., with whom you must deal in order to obtain ordinary and usual commercial services.

You must not frequent or loiter within 100 feet of school yards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities, libraries, or other places primarily used by persons under the age of 18.

You must not reside within direct view of school yards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities, libraries, or other places primarily used by persons under the age of 18. Your residence must be approved by the probation officer, and any change in residence must be pre-approved by the probation officer. You must submit the address of the proposed residence to the probation officer at least 10 days prior to any scheduled move.

You must participate in a sex offense-specific assessment and/or treatment program and follow the rules and regulations of that program. This includes submission to risk assessment evaluation and physiological testing, such as polygraph, plethysmograph, and Abel testing, and must take all prescribed medication. You must be required to submit to periodic polygraph testing at the discretion of the probation officer as a means to ensure that you are in compliance with the requirements of his or her supervision or treatment program. The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.). You must pay the costs of sex offender-specific assessment and/or treatment program, to the extent you are financially able to pay. The U.S. Probation Office must determine your ability to pay and any schedule for payment, subject to the Court's review upon request.

You must grant a limited waiver of your right of confidentiality in any records of sex offender and/or mental health treatment imposed as a consequence of this judgment to allow the treatment provider to provide information to the probation officer and sign all necessary releases to enable the probation officer to monitor your progress. You must disclose the presentence report and/or any other previous sex offender or mental health evaluations to the treatment provider.

You must not view or possess any "visual depiction" (as defined in 18 U.S.C. § 2256) including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of "sexually explicit conduct" (as defined in 18 U.S.C. § 2256), that would compromise your sex offense-specific treatment.

You must not contact the victims, Victim 1 and P.J., by any means, including in person, by mail or electronic means, or via third parties. Further, you must remain at least 100 yards from the victim(s) at all times. If any contact occurs, you must immediately leave the area of contact and report the contact to the probation officer.

Your employment, participation in organizations, and/or volunteer activity must be approved by the probation officer, and any change in employment must be pre-approved by the probation officer. You must submit the name and address of the proposed employer, organization, and/or volunteer activity to the probation officer at least 10 days prior to any scheduled change.

DEFENDANT:           GRANT MCKAY DURTSCHI
CASE NUMBER:         3:22-CR-00029-JWD-RLB(1)

You are prohibited from access to any computer, Internet Service Provider, bulletin board system, social media application or website, or any other public or private computer network or the service at any location (including employment or education) without prior written approval of the probation officer. Any approval must be subject to any conditions set by the probation officer or the Court with respect to that approval.

You must submit your computers (as defined in 18 U.S.C. § 1030(e)(l)) or other electronic communications or data storage devices or media, to a search, which may include retrieval and copying of all memory from hardware/software and/or removal of such system(s) for the purpose of conducting a more thorough inspection. You must warn any other people who use these computers or devices capable of accessing the Internet that the devices may be subject to searches pursuant to this condition. A probation officer may conduct a search pursuant to this condition only when reasonable suspicion exists that there is a violation of a condition of supervision and that the computer or device contains evidence of this violation. Any search will be conducted at a reasonable time and in a reasonable manner.

You must allow the probation officer to install computer monitoring software on any computer (as defined in 18 U.S.C. § 1030(e)(l)) you use. To ensure compliance with the computer monitoring condition, you must allow the probation officer to conduct initial and periodic unannounced searches of any computers (as defined in 18 U.S.C. § 1030(e)(l)) subject to computer monitoring. These searches must be conducted for the purposes of determining whether the computer contains any prohibited data prior to installation of the monitoring software; to determine whether the monitoring software is functioning effectively after its installation; and to determine whether there have been attempts to circumvent the monitoring software after its installation. You must consent to periodic inspection of any such installed hardware/software to insure it is functioning properly. You must warn any other people who use these computers that the computers may be subject to searches pursuant to this condition. You must pay the costs of the computer monitoring software, to the extent you are financially able to pay. The U.S. Probation Office must determine your ability to pay and any schedule for payment, subject to the Court's review upon request.

You must provide the U.S. Probation Office with accurate information about your entire computer system *(hardware/software);* all passwords used by you; and your Internet Service Provider(s); and will abide by all rules of this Court's Computer Restriction and Monitoring Program.

You must not distribute candy or other gifts to persons under 18 years of age on, or concerning, Halloween, Mardi Gras, Easter, Christmas, or any other recognized holiday for which generally candy is distributed or other gifts are given to persons under 18 years of age. You must not use or wear, in any public place of any character whatsoever, or in any open place in view thereof, a hood or mask, or anything in the nature of either, or any facial disguise of any kind or description, calculated to conceal or hide the identity of the person or to prevent him/her from being readily recognized.

DEFENDANT: GRANT MCKAY DURTSCHI  
CASE NUMBER: 3:22-CR-00029-JWD-RLB(1)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Restitution** | **Fine** | **AVAA Assessment*** | **JVTA Assessment**** |
|---|---|---|---|---|---|
| **TOTALS** | $100.00 | $64,651.44 | $25,000.00 | $50,000.00 | $5,000.00 |

☐ The determination of restitution is deferred until    An *Amended Judgment in a Criminal Case* *(AO245C)* will be entered after such determination.

☒ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Victim | Restitution |
|---|---|
| Victim 1 | $64,651.44 |
| Address on file with U.S. Attorney's Office | |

☐ Restitution amount ordered pursuant to plea agreement $

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☒ the interest requirement is waived for the    ☒ fine    ☒ restitution

  ☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

*Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.  
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22  
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT:    GRANT MCKAY DURTSCHI
CASE NUMBER:    3:22-CR-00029-JWD-RLB(1)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☐ Lump sum payments of $ _____ due immediately, balance due

☐ not later than _____ , or

☐ in accordance ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B** ☒ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☒ F below); or

**C** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D** ☐ Payment in equal 20 *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☒ Special instructions regarding the payment of criminal monetary penalties:

**It is ordered that the Defendant shall pay to the United States a special assessment of $100.00 for Count 1, which shall be due immediately. Said special assessment shall be paid to the Clerk, U.S. District Court.**

**The defendant shall also pay $65,651.44 in restitution to Victim 1. The defendant's restitution, fine, and assessments shall all be due immediately.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☒ Joint and Several

| Defendant and Co-Defendant Names / Case Number | Joint and Several Amount |
|---|---|
| Hannah Kinchen / 23-cr-77-BAJ-RLB-1 | $32,325.72 |

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☒ The defendant shall forfeit the defendant's interest in the following property to the United States:

Pursuant to 18 U.S.C. § 2253: 1) a forfeiture money judgment in the amount of $100,000 is ordered against the defendant; and 2) the defendant's interest in the devices listed in the Indictment and Preliminary Order of Forfeiture are forfeited to the United States.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA Assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.